Walter B. Hart, J.
This is an application to review the determination of the Bent Administrator denying petitioner’s protests and her applications for certificates of eviction. The protests affirmed the ruling of the Local Bent Administrator *92 that petitioner had failed to establish the existence of an immediate and compelling necessity and also failed to meet the requirements of the State Bent and Eviction Begulations (§ 55, subd. 4). The basis of petitioner’s claim of immediate and compelling necessity, substantiated by medical reports submitted on her behalf from her doctors was that she suffers from a cardiac condition and arthritis, that she is very dyspneic and has edema of both legs and venous congestion. It is their opinion that her present occupancy of a 4th floor walk-up apartment entailing the climbing of 53 steps is deleterious to her health. The premises sought by petitioner is 2 flights above the street floor and contains only 34 steps. Petitioner, at the hearing, offered to submit herself to a medical examination by a physician selected by the Administrator, at her expense, for a medical opinion as to the necessity for the change. Apparently this offer was not accepted. Instead the Administrator has seen fit to substitute his judgment for that of petitioner’s physicians and in his order and opinion denying the protests, stated: “ The Administrator finds that the record as presently constituted does not indicate that there exists a serious, definite threat of material impairment to the health of the landlord which will be substantially alleviated by her removal from the present accommodations; if any threat at all may presently be said to endanger the health of the landlord, it will not be substantially alleviated by the climbing of 19 less ‘steps ’.”
This finding and conclusion in the opinion of the court is arbitrary and capricious. As a matter of plain common sense and without medical proof it should be obvious that being required to climb 19 “ less steps ”, the strain on the circulatory system and legs of a person in plaintiff’s state of health will be materially lessened.
The Administrator’s determination that petitioner did not come within the requirements of subdivision 4 of section 55 of the Bent Begulations is however sustained by the record. The regulation requires that at the time of the making of the application the owner shall have paid in at least 20% of the assessed value or sales price, whichever is the greater. Here the assessed value of the premises is $12,500, and the selling price was $10,350. Petitioner, prior to the application to the Local Bent Administrator, had paid only $2,000, though subsequent thereto she made further payments which together with the original payment are in an amount sufficient to comply with the regulation. This however is of no avail since these payments were not made “on or before the date of the filing of the application” *93 as required by the regulation. Petitioner urges however that in determining her payments some credit should be allowed for the lifetime lease she was required to give to the former owner, as a term of the sale, for the second floor apartment at $50 a month. There is no merit to this contention. This does not constitute a payment within the meaning of the regulation nor is there any proof in the record of the value of this leasehold. Accordingly, the order of the Administrator must be affirmed on this ground. However since petitioner presently qualifies it would appear that she may file an application de novo in which event the Administrator may, if so advised, give due consideration to the views of the court relative to the claim of immediate and compelling necessity.
Submit order.